DUFRESNE, Judge.
Eugene H. Laws, defendant-appellant, brings this appeal from a judgment rendered against him for negligently causing injury to John M. Pomares, plaintiff-appel-lee. Because we find no manifest error or abuse of discretion in the judgment of the trial court, we affirm.
This case involves an April 7, 1977 collision between a train and two motor vehicles at the intersection of Clearview Parkway and Airline Highway in Jefferson Parish. At the intersection in question a railroad track runs parallel to and just south of Airline Highway. Pomares was traveling north on Clearview, and stopped between the track and Airline at a traffic signal. Laws, pulling a boat and trailer, was also traveling north on Clearview in the traffic lane to Pomare’s right. When Laws reached the track he stopped in response to the railroad crossing’s warning lights, but the front of his vehicle came to rest slightly on the track. On seeing and hearing the train approaching from the east, some 200 feet away, he attempted to back off the track, but traffic behind him prevented this maneuver. He then decided to cross the track, but unfortunately misjudged the space available between the highway and the track, and the trailer did not clear the crossing.
Upon seeing the trailer stop on the crossing, the train’s engineer immediately applied his emergency brakes. However, due to insufficient warning, the train failed to stop in time and struck the trailer, dragging it several feet. The trailer in turn dragged Law’s vehicle into the Pomares’ car. On being struck, Pomares jumped out of his car and fell to the pavement. He suffered back and elbow injuries as a result of the collision and fall.
Pomares sued Laws and the railroad company for damages, and in a consolidated action State Farm Insurance Co. sued Laws on a subrogation claim for auto damage. Trial was had on March 20,1978. However, due to illness, plaintiff’s treating physician was unable to testify, and the case was allowed to remain open until that testimony was available. The doctor’s deposition was taken on November 23, 1981, and filed into evidence. On March 16, 1982, the parties appeared for oral argument and judgment was rendered on April 30, 1982. Therein, Laws was found solely negligent, and was cast in judgment for $22,250 in favor of Pomares, and $550 in favor of State Farm.
Defendant now brings this appeal alleging basically that the four year delay *1203 between trial and judgment prejudiced him in that the trial judge was forced to rely on memory in deciding the case. The implication is, of course, that his memory was faulty. However, our review of the record fails to reveal any manifest error in the court’s findings, Canter v. Koehring, 283 So.2d 716 (La.1973), or any abuse of discretion in its damage award, Coco v. Winston Industries Inc., 341 So.2d 332 (La.1977).
In regard to the trial court’s factual determinations, appellant contends that the engineer should have been found negligent in not knowing the length and weight of his train, and consequently the train’s minimum stopping distance. This contention is without merit. Although the railroad’s expert testified that an engineer should know the weight and length of his train, the trial judge nonetheless found that the engineer’s failure to have such knowledge was not causally related to the accident. The engineer’s testimony was that the train was moving between 5 and 10 miles per hour as it approached the intersection. Expert analysis of the train’s speed recorder tape showed that the speed was in fact 8 miles per hour. The engineer further testified that he watched Laws drive across the track, and that as soon as he saw the trailer stop on the crossing, he put on the emergency brake. Expert testimony also established that once the emergency brake was engaged there was nothing further that could be done to stop the train. The engineer’s testimony was corroborated in every particular by the fireman who was riding in the locomotive with him and witnessed the entire incident.
Under these circumstances, we fail to see how the engineer’s ignorance of the weight and length of his train or its stopping distance played any part in the accident. He was traveling at a safe speed, was attentively watching the crossing, perceived the emergency the moment it arose, and immediately took appropriate action. The unfortunate fact is that appellant, forewarned by the crossing’s warning signals, stopped his trailer on a railroad track when it was simply too late to stop the approaching train. On this showing, the trial judge correctly concluded that the engineer was not negligent.
Appellant next contends that the damage award was excessive. The rule applicable to appellate review of quantum awards is not whether the reviewing court would have awarded a different sum, but whether the trial court abused its “much discretion” of La.Civ.Cod. Art. 1934(3), Coco v. Winston Industries, Inc., supra. On the facts before us we cannot say that there has been such an abuse.
Plaintiff claimed to have injured his back and elbow in the accident. His treating physician, Dr. A.J. Feder, testified that plaintiff had incurred an acute severe sprain of both the neck and lower back regions, as well as an injury to the soft tissues of the elbow. Treatment for the neck and back injury consisted of medication, ultrasonic therapy, and traction, requiring some 54 visits to the doctor over a period of eight months. Plaintiff was also given medication for a severe emotional problem caused by his injuries. The elbow was treated twice with heat and injection. At the end of this eight month period, plaintiff continued to complain of pain in his back and elbow, but Dr. Feder concluded that further treatment would be of no avail. Plaintiff testified that he still suffered pain in his back and elbow at the time of trial, and that he was unable to lift heavy weights.
Plaintiff proved some $2,500 in special damages. We must assume therefore that general damages were about $20,000. Considering plaintiff’s physical pain and emotional distress as well as the burden of protracted medical treatment and residual pain and disability, we do not find that the trial judge abused its discretion in fixing the award in this case.
We finally note in this regard that while our reading of appellant’s brief indicates that he does not seriously contest the award of $550 to State Farm, we nonetheless affirm that sum because proof thereof was unrefuted at trial.
*1204 Appellant also contests the award of interest from date of judicial demand on the grounds that this interest now amounts to almost one-half the damage award. Although he recognizes that interest in matters ex delicto is mandated by state law, La.R.S. 13:4203, he argues that the trial court should have reduced the damage award to compensate for interest occasioned by the four year delay in the trial. While this argument might warrant consideration in another context we do not hesitate in rejecting it here because the record fails to show that appellant ever sought to expedite the case or even requested that the doctor’s testimony be forthcoming. Neither does the record reveal that plaintiff intentionally caused delay or indeed that the judge did not in fact reduce the award for the very reason urged here. Under such circumstances we cannot say that the trial judge abused his discretion in fixing the award at issue here with consequent interest.
Appellant finally alleges that the trial court failed to consider his ability to pay in fixing damages. While we recognize that a defendant’s ability to pay is a proper and equitable consideration in fixing damages, Williams v. Garner, 268 So.2d 56 (La. App. 1st Cir.1972), we refuse to reduce the award here because appellant presented insufficient evidence at trial to establish an inability to respond to the judgment. The record contains only three indications of appellant’s financial position:
1.) he receives a pension of $850 per month,
2.) he paid cash for the new vehicle involved in the accident, and
3.) he owned a boat and trailer.
Such scant evidence is hardly sufficient to merit reduction of a just award to an injured plaintiff on the equitable grounds that the tortfeasor is unable to pay.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.